639 So.2d 1090 (1994)
Robert Lynn PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01322.
District Court of Appeal of Florida, Second District.
July 15, 1994.
PARKER, Acting Chief Judge.
Robert Perry, sentenced to county jail as a condition of probation after he admitted to a violation of community control, appeals an order denying his motion for credit for jail time that Perry alleges he already has served. We reverse.
In our review of this limited record, Perry alleges the following:
1. On May 11, 1993, the trial court found him guilty of a violation of community control and modified the sentence to add a year of probation and a special condition of eleven months and twenty-nine days to be served on a county work farm;
2. On an unknown date, Perry violated his community control; and
3. On November 1, 1993, Perry admitted to a violation of community control, at which time the trial court adjudicated him guilty on the original felony and placed him on three years' probation, with a special condition of eleven months and twenty-nine days in county jail with no credit for time served.
*1091 Perry filed a motion for jail time credit, alleging that he already had served nine months in the county jail prior to his last sentence and that he was entitled to that jail time credit. The trial court denied that motion, attaching to its order the order of revocation of community control which reflected that Perry was to be given no credit for time served.
Two supreme court cases compel this court to reverse the order of the trial court. In Poore v. State, 531 So.2d 161 (Fla. 1988), the supreme court concluded that when a defendant violates a "probationary split sentence," a Villery sentence,[1] or straight probation, he is entitled to credit for time served. In Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1985), the supreme court concluded that a probation order which included incarceration as a condition is a sentence so that a defendant is entitled to earn gain time for the time incarcerated.
Our review of the two supreme court cases requires us to conclude that Perry's county jail time as a condition of probation is a sentence and that he is entitled to credit for jail time earned while incarcerated awaiting his sentence for the violation of community control and also credit for gain time[2] toward the sentence in county jail. We, therefore, reverse the trial court's order denying Perry's motion for credit for time served and remand this case to the trial court to award any jail time credit and gain time to which Perry is entitled.[3]
Reversed and remanded.
LAZZARA, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
Mr. Perry's motion seeking jail credit was filed pursuant to Florida Rule of Criminal Procedure 3.850. I concur that the trial court's order must be reversed because the documents attached to the order do not adequately refute the allegations in the motion. Because of the limited record, I hesitate to make additional conclusions.
Section 948.03(5), Florida Statutes (1991), prohibits a trial court from imposing a period of incarceration in excess of 364 days as a condition of probation. According to Mr. Perry, he received two successive orders of probation for a single offense, each containing a requirement of 364 days' incarceration. Since he apparently was out on the street and able to violate probation within six months, his allegations can only be correct if he received substantial jail gain time.
Without additional record and briefing, it is difficult to determine whether the trial court could properly enter successive orders of probation, each imposing 364 days' incarceration, and, if so, whether a second violation of probation would result in a loss of the jail or gain time earned on the first order. See § 951.21, Fla. Stat. (1991). I note that if after two violations of probation the trial court had simply imposed a standard split sentence on this second-degree felony, the sentence could have included a substantial period of imprisonment.
NOTES
[1] See Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1980).
[2] Although Perry did not raise the issue of earned gain time in his motion, he is entitled to such credit.
[3] Although Perry alleges that he is entitled to nine months credit toward his jail time, we have no records to substantiate that claim and leave that matter for the trial court to determine.