652 So.2d 1228 (1995)
Albert YOURN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02908.
District Court of Appeal of Florida, Second District.
April 5, 1995.
*1229 Albert Yourn, pro se.
Robert A Butterworth, Atty. Gen., Tallahassee, and Anne E. Sheer, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Albert Yourn asserts that the lower court used the wrong scoresheet when it sentenced him following revocation of his probation for robbery offenses. He also contends that the court incorrectly calculated the credit due him for time previously served. We agree with both his arguments and reverse.
We will first address the numerous scoresheets involved in this appeal. In 1986, the trial court placed Yourn on ten years' probation for two robberies. The scoresheet prepared in connection with these charges showed a recommended range of three and one-half to four and one-half years' imprisonment (the "1986 scoresheet"). The following year, Yourn was charged with three more robberies and an affidavit of violation of probation was filed based on these new charges and various technical violations. In November 1987, Yourn entered a negotiated guilty plea to the three new charges and to violating his probation on the two 1986 charges. The court sentenced him to seven years' imprisonment to be followed by two years' community control for each of the five robberies, to run concurrently. The scoresheet prepared for this sentencing listed one of the 1987 robberies as the primary offense. The other two 1987 robberies and the two 1986 robberies were shown as additional offenses at conviction (the "1987 scoresheet"). The guidelines sentencing range on the 1987 scoresheet was between seven and nine years' imprisonment.
Yourn served his sentence and was released. On June 13, 1989, the state filed an affidavit of violation of community control alleging three technical violations. On July 18, 1989, Yourn was arrested on the violation warrant and simultaneously charged with a grand theft that allegedly occurred on July 14, 1989. The state attorney filed an information on the grand theft charge on August 7, 1989. On August 10, 1989, Yourn entered guilty pleas to the technical violations of community control. Before the sentencing hearing on August 15, 1989, the state informed the court that Yourn had a pending charge of grand theft. Yourn stated he would not be pleading guilty to that charge. The court chose to dispose of the violations of community control on the robbery offenses. It imposed terms of twenty-five years' probation in each of the five cases, to run concurrently, and, as a special condition of probation in one of the cases, a term of one year in the county jail.
On August 22, 1989, Yourn was arraigned before a different judge on the grand theft charge and entered a negotiated plea of guilty. The trial court sentenced him to one year in the county jail, to be followed by four years' probation. His sentence was to run concurrently with the terms he was already serving for violation of his community control on the robbery offenses. A new scoresheet was prepared for this sentencing that showed the grand theft as the primary offense at conviction and the robberies as prior record. The guidelines range was twenty-two to twenty-seven years' imprisonment (the "1989 scoresheet").
We now arrive at the sentences challenged on appeal. On May 29, 1992, Yourn was arrested on a warrant for technical violations of his probations. At a hearing on July 9, 1992, the state alleged an additional probation violation based on a misdemeanor charge. It filed a new sentencing scoresheet, *1230 which was identical to the 1989 scoresheet except that it was prepared on the new scoresheet form (the "1992 scoresheet"). Yourn objected to this scoresheet, but the trial court ultimately used it and sentenced him to seventeen years' imprisonment for each of the five robbery cases and five years' imprisonment for the grand theft charge, all to run concurrently.
Because no new felony charges were pending at the 1992 sentencing hearing, a new scoresheet should not have been prepared. The 1992 scoresheet, however, showed the same charges, points and recommended range as the 1989 scoresheet. We therefore treat the case as though the court used the 1989 scoresheet at the 1992 hearing. We hold that the lower court erred in using that scoresheet to determine Yourn's sentence for violation of his robbery probations.
Yourn's 1989 grand theft charge was not pending for sentencing at the August 15, 1989 hearing when he was placed on twenty-five years' probation for violation of community control. See Clark v. State, 572 So.2d 1387 (Fla. 1991) (pending for sentencing means that a verdict or a plea of guilty or nolo contendere has already been obtained). Nor were his violations of community control pending at the August 22, 1989 sentencing for grand theft; he had already been placed on concurrent terms of probation for those violations. Thus, the 1989 scoresheet used in the grand theft sentencing was not used to impose sanctions for the 1989 technical violations of community control.
The confusion here arises because the 1992 technical violations were used to revoke six terms of probation that were running concurrently. In order to determine the appropriate sanction for each violation, the lower court must look to the scoresheet used when the defendant was sentenced for each particular offense. Yourn was sentenced on the grand theft charge in 1989, therefore, the 1989 scoresheet was the appropriate one for the court to use when sentencing him for violation of probation on that charge. Yourn does not challenge the use of this scoresheet in connection with revocation of his probation for grand theft. He was not, however, sentenced for the robberies based on the 1989 scoresheet. The last time a scoresheet was properly prepared for the robbery offenses was in 1987, when the court sentenced Yourn for five robberies; the three that had occurred that year and the two 1986 charges for which probation was revoked.[1] The trial court, therefore, should have used the 1987 scoresheet in determining the sanction to impose for violation of Yourn's probations on the five robbery charges.[2]
The 1987 scoresheet showed a recommended range of seven to nine years' imprisonment. *1231 The trial court may bump the range two cells, one for the 1989 probation violations and one for the 1992 violations. A two-cell increase would place Yourn in the recommended range of twelve to seventeen years' imprisonment. While the sentence imposed, seventeen years' imprisonment for each of the robberies, does fall within this range, it is at the upper end. Under the scoresheet the trial court used, this term is at the lower end of the recommended range. We are unable to determine whether the trial court "would have extended the sentence into the farthest reach of the permitted range" had it considered the correct scoresheet. Najar v. State, 614 So.2d 644, 645 (Fla.2d DCA 1993). As such, the error is not harmless. We reverse and remand to the trial court with directions to resentence Yourn for the violation of his robbery probations using the 1987 scoresheet.
In Yourn's second point on appeal, he argues that he did not receive the correct credit for time served. Failure to give appropriate credit may be raised on direct appeal even in the absence of an objection in the trial court. Conyers v. State, 648 So.2d 845 (Fla. 2d DCA 1995). He first asserts that the trial court failed to award him credit for gain time earned on two sentences: (1) his seven-year term of imprisonment imposed in 1987; and (2) his 364-day term in county jail imposed in 1989. We note that the crimes underlying these sentences were committed before October 1, 1989. As such, Yourn is entitled to credit for gain time as discussed in State v. Green, 547 So.2d 925 (Fla. 1989). At resentencing, the trial court should instruct the Department of Corrections to give Yourn credit for any unforfeited gain time accumulated on his previous seven-year sentence. Mongiouvi v. State, 639 So.2d 686 (Fla. 2d DCA 1994). Yourn is also entitled to credit for gain time accrued on his county jail sentence. Perry v. State, 639 So.2d 1090 (Fla. 2d DCA 1994). The trial court must ensure such credit is given.
Yourn also contends that the court failed to give him credit for days spent in jail pending hearings on his violations of probation. We do not have a sufficient record to determine whether his assertions on this point are correct. We do, however, note that he is entitled to credit for time spent in jail awaiting sentencing. Yourn may raise this issue with the trial court at his new sentencing hearing.
Reversed and remanded.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] The court imposed twenty-five-year terms of probation for these offenses at the August 15, 1989 hearing when it revoked Yourn's community control. As previously noted, revocation was based on technical violations, not new charges. Because he was not sentenced for any new crimes at this hearing, a new scoresheet should not have been prepared; rather, the trial court should have looked to the 1987 scoresheet to determine the appropriate sanction. In our review of the record, we discovered that, in fact, a new scoresheet had been prepared for that hearing, although it does not seem to reflect the correct number of points and neither party discussed it on appeal. We mention its existence only to note that it plays no part in our decision.
[2] The facts of this case are distinguishable from those in State v. Tito, 616 So.2d 39 (Fla. 1993), where our supreme court reversed the district court's holding that the trial court should have used the original scoresheets to determine the sanctions for the defendant's probation violations. In Tito, the defendant had committed a new felony, and was being simultaneously sentenced for the new offenses and for violations of probation. In such a case, a scoresheet must be prepared for the new substantive offense, and the sanctions for all offenses pending for sentencing are determined under that scoresheet. 616 So.2d at 40; see also Clark v. State, 572 So.2d 1387 (Fla. 1991); cf. Lamar v. State, 648 So.2d 775 (Fla. 2d DCA 1994) (although new scoresheet is prepared for new substantive offense, trial court is limited to one-cell bump on the original scoresheet when sentencing for violation of probation). Here, however, Yourn had not committed a new felony; revocation of his probation was based on technical violations and a misdemeanor charge. As such, there was no new substantive felony offense on which to base preparation of a new scoresheet.