DANAHY, Acting Chief Judge.
In 1988, pursuant to a negotiated plea, the appellant was sentenced to ten years in prison for trafficking in cocaine, followed by fifteen years’ probation. He received a concurrent sentence of ten years, followed by five years’ probation, for a RICO charge. His sentencing guidelines scoresheet at that time *235 reflected a total of 240 points, producing a sentencing range of nine to twelve years,
On May 8, 1995, the appellant pleaded no contest to three violations of probation, none of which consisted of a new offense. He was sentenced on the basis of a new sentencing guidelines seoresheet, reflecting 273 points with a sentencing range of twelve to twenty-two years. The appellant was sentenced to seventeen years in prison and given credit for time he had previously served.
The appellant presents two issues on this appeal: (1) that he should have been sentenced according to his original 1988 score-sheet; and (2) in addition to credit for time served, he should have been given credit for gain time earned. The state concedes that the appellant is correct, and we agree.
In Youm v. State, 652 So.2d 1228 (Fla. 2d DCA 1995), this court held that where no new felony charge was involved in the violation of a probation imposed in 1987, the trial court should not have prepared a new sentencing guidelines seoresheet but should have used the original 1987 seoresheet, with appropriate bump-ups.
In State v. Green, 547 So.2d 925 (Fla.1989), the supreme court held that where probation is revoked due to violation and a prison sentence imposed, the defendant is entitled not only to credit for time actually served in prison but also gain time earned while previously incarcerated.[1]
Accordingly, we reverse and remand for resentencing. At resentencing, the trial court should use the appellant’s 1988 score-sheet with the one cell bump-up for violation of probation. The sentence imposed must award credit not only for prison time served but gain time earned. For purposes of determining gain time, the trial court may permit the Department of Corrections to provide the trial court with the amount of gain time earned by the appellant according to the Department’s records.
We reverse and remand for resentencing in accordance with this opinion.
PATTERSON and ALTENBERND, JJ., concur.

. We note that section 921.0017, Florida Statutes (1995), and section 948.06(6), Florida Statutes (1995), do not apply to this case.