683 So.2d 193 (1996)
Delguardo WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3254.
District Court of Appeal of Florida, First District.
November 22, 1996.
Delguardo Williamson, Tallahassee, Pro Se.
Robert A. Butterworth, Attorney General, and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges an order whereby the trial court denied his Florida Rule of Criminal Procedure 3.800(a) motion in which he had alleged that his sentence was erroneous due to the miscalculation of a sentencing guidelines scoresheet. Because the motion set forth a colorable claim and the record on its face reveals that the appellant is entitled to relief, we reverse the order.
Although the appellant has not alleged that he received an "illegal sentence," as that term is defined in cases such as Davis v. State, 661 So.2d 1193 (Fla.1995), his claim is nevertheless cognizable under rule 3.800(a) *194 because he has asserted a scoresheet miscalculation which is apparent from the face of the record. See Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996).
The material facts are revealed by the face of the trial court record. In August 1990, the appellant was sentenced on three charges of sale of cocaine. In September 1990, he pled nolo contendere to a charge of dealing in stolen property. Prior to sentencing in that case, he was charged with violating his probation in the sale of cocaine cases. In November 1990, he was sentenced in the dealing in stolen property case. In March 1991, he admitted violation of his probation and was sentenced in the sale of cocaine cases.
The record further reveals that in May 1991, the trial court entered an amended judgment and sentence to reflect all the cases that had been pending at the same time, i.e., the dealing in stolen property case and the violation of probation and community control in the sale of cocaine cases. A new consolidated scoresheet was prepared to reflect all pending cases pursuant to Florida Rule of Criminal Procedure 3.701(d)(1).
In April 1994, the appellant was again charged with violating his probation in the sale of cocaine cases. He admitted the violation and his probation was revoked. The 1991 consolidated scoresheet was used, and a one cell increase for each violation of probation yielded a permitted guideline sentence of up to nine years. The trial court imposed concurrent nine year sentences in the three cases.
The permitted sentence on the 1994 violation of probation would have been lower had the original scoresheet prepared in conjunction with the appellant's 1990 sentencing on the sale of cocaine charges been used rather than the 1991 consolidated scoresheet. We conclude that the original scoresheet should have been used. In fact, the 1991 consolidated scoresheet should never have been prepared. Rule 3.701(d)(1) requires the use of a single scoresheet "covering all offenses pending before the court for sentencing," but the violation of probation in the sale of cocaine cases was not pending for sentencing when the appellant was originally sentenced for dealing in stolen property because the appellant had not yet admitted violation of his probation. The violation of probation in the sale of cocaine cases therefore should not have been scored on the same scoresheet as the dealing in stolen property case. See Clark v. State, 572 So.2d 1387 (Fla.1991).
Accordingly, the order is reversed and the case is remanded for resentencing under the original scoresheet.
MICKLE and LAWRENCE, JJ., concur.