771 So.2d 565 (2000)
Paul HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1425.
District Court of Appeal of Florida, Fifth District.
October 6, 2000.
Rehearing Denied November 21, 2000.
*566 Paul David Harris, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Paul Harris appeals the trial court's finding that he violated the terms of his probation and the three consecutive sentences of five years incarceration subsequently imposed. We find merit only in his complaint that an illegal sentence was imposed after he was found to have violated probation.
Harris first asserts that his original sentence was illegal because two scoresheets were used. Normally, a court must use one scoresheet for all crimes before it if those crimes were committed at the same time. See Cook v. State, 645 So.2d 436, 437 (Fla.1994). In Norris v. State, 659 So.2d 1352 (Fla. 5th DCA 1995), this Court stated that the failure to use two scoresheets when sentencing a defendant for two crimes, one occurring before January 1, 1994 and one occurring after January 1, 1994, constituted reversible error. See Wood v. State, 655 So.2d 212 (Fla. 5th DCA 1995); see also Fla. Stat. § 921.001(4)(b)4 (1995) ("When a defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, each felony shall be sentenced under the guidelines in effect at the time the particular felony was committed"). Harris' crimes in counts I-III were committed between 1992 and July 1994, and his crimes in counts IV, VI, and VII were committed in July 1994. Therefore, the trial court was correct in using two scoresheets at the original sentencing.
Harris also asserts that his current sentence is illegal because the court should have used the scoresheet that was prepared at the time he was originally sentenced to resentence him after he violated probation. He also claims that his current sentence is illegal because it exceeds *567 the statutory maximum. When sentencing after a violation of probation, the trial court must use the original scoresheet to determine the appropriate sentence. See Parrish v. State, 617 So.2d 1170, 1170 (Fla. 5th DCA 1993); Holloman v. State, 600 So.2d 522 (Fla. 5th DCA 1992). Normally, a defendant's guideline sentence may be increased by one cell for each violation of probation. See Williams v. State, 594 So.2d 273 (Fla.1992); Poore v. State, 531 So.2d 161, 163 n. 1 (Fla.1988). If probation is violated, the trial court may sentence the probationer to any period of incarceration permitted by the original guidelines range, including a one-cell increase for violation of probation, with credit for time served. See Franklin v. State, 545 So.2d 851, 853 (Fla.1989). No further increase or departure is permitted for any reason. See Lambert v. State, 545 So.2d 838, 842 (Fla.1989).
Review of the scoresheet used in sentencing Harris after he violated probation indicates that a new scoresheet was prepared. The new scoresheet incorrectly includes Harris' conviction for three counts of aggravated stalking (counts I, II, and III in the original sentencing). The original scoresheet did not contain these offenses because they were appropriately scored on a different scoresheet. The new scoresheet totaled 44.6 points which resulted in a permissible sentence of 12.45 to 20.75 months in the Department of Corrections. If the three counts of aggravated stalking are deducted, Harris' scoresheet would have totaled 43.1 points resulting in a lesser permissible sentence of between 11.325 to 18.875 months for each of the three counts (counts IV, VI and VII). Therefore, the maximum allowable sentence under the correctly calculated scoresheet on each count would be 18.875 months in the Department of Corrections for a total of 56.625 months minus any applicable credit for time served.
Harris also claims that his current sentence exceeds the statutory maximum and that he has already served more time than is permissible. Our remand to the trial court for resentencing within the guidelines plus a one-cell bump will give the trial court the opportunity to correct the scoresheet error, and to address Harris' claim that he has already served more time than he would have received if he was properly sentenced.
Lastly, we note that Harris' contention that the trial court erred in imposing consecutive, as opposed to concurrent, sentences is without merit in light of section 921.16(1), Florida Statutes (1994), which gives a court discretion in ordering the manner in which sentences are to be served.
We vacate Harris' current sentence imposed following his violation of probation and remand for resentencing.
SENTENCE VACATED; REMANDED.
HARRIS, PETERSON and GRIFFIN, JJ., concur.