847 So.2d 1091 (2003)
STATE of Florida, Appellant,
v.
Francisco ALBERTO, Appellee.
No. 4D02-2045.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellant.
No brief filed on behalf of appellee.
WARNER, J.
The state appeals appellee's sentence on the ground that the trial court incorrectly computed appellee's scoresheet. We agree. The trial court incorrectly scored a charge pending for sentencing as a prior offense rather than an additional offense. We therefore reverse.
The appellee was convicted and sentenced for a 2000 charge of burglary of a conveyance with a battery and felony criminal mischief. Later, he was convicted and sentenced on a 2001 charge of burglary, aggravated battery, and felony criminal mischief. On each, he was sentenced as a youthful offender, ordered to boot camp, and placed on community control. While on community control for each conviction, the state filed affidavits of violation of probation on each case. Appellee admitted the violations, and the court proceeded to sentencing. On appellee's sentencing scoresheet, the state scored the 2001 burglary *1092 with battery as the "primary offense" and the 2000 charges as "additional offenses." Based upon the total sentence points of 170.8, the state recommended appellee be sentenced to 107.1 months, the bottom of the guidelines, on both violations of probation. The trial court sentenced appellee consistent with the state's recommendation.
Subsequently, appellee filed a motion to mitigate his sentence, maintaining the state improperly scored the criminal offenses in the 2000 case as "additional offenses" rather than as "prior record" offenses. The state argued that because the 2000 offenses also were pending before the court for sentencing, they qualified as "additional offenses" under section 921.0021(1), Florida Statutes (2001). Nevertheless, the court accepted appellee's interpretation, granted his motion, and scored the 2000 offenses as prior offenses, reducing his sentence to 68.7 months. The state appeals.
Florida Rule of Criminal Procedure 3.704(d) defines "primary offense," "additional offense," and "prior record," in pertinent part, as the following:
(7) "Primary offense" means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only one count of one offense before the court for sentencing shall be classified as the primary offense.
(8) "Additional offense" means any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
...
(14) "Prior record" refers to any conviction for an offense committed by the offender prior to the commission of the primary offense.
See also § 921.0021(1), (4), (5), Fla. Stat. 2001.
Although the 2000 charges were committed by appellee prior to the time of the primary offense, they must still be considered "additional offenses" because they were pending for sentencing at the same time as the primary offense. See Fla. R.Crim. P. 3.704(7).
The supreme court addressed a similar problem in State v. Lamar, 659 So.2d 262, 263 (Fla.1995), in scoring an offense for which probation was violated together with the subsequent criminal offense which led to the violation. Although a committee note to the sentencing guidelines suggested that the defendant's earlier offenses which resulted in the probation would be scored as "prior record" rather than as "additional offenses," the supreme court determined that the note did not require the new substantive offenses or the underlying criminal offenses be scored in any particular manner, provided that the combination resulted in the most severe sanction. The court stated:
[W]henever a defendant is being sentenced for both a violation of probation and a new substantive offense, the violation of probation can be scored as either the primary offense or as prior record so long as it gives the most severe sanction. Likewise, the new substantive offense can be scored as the primary offense or as an additional offense provided the sentence results in the most severe sanction.
Id. at 265.
In like manner, scoring the offenses all pending for sentencing as "additional offenses" *1093 permits the most severe sanction and is consistent with both the rule and the statute.
We hold, therefore, that upon a violation of probation, offenses that are pending for sentencing together with the primary offense should be scored as additional offenses.
Reversed.
POLEN, C.J. and GROSS, J., concur.