864 So.2d 60 (2003)
Michael MOONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3000.
District Court of Appeal of Florida, Fourth District.
December 17, 2003.
Rehearing Denied February 10, 2004.
*61 Richard I. Bellis of the Law Office of Richard I. Bellis, Plantation, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This Court per curiam affirmed Mooney's appeal of his conviction and sentence. Mooney v. State, 642 So.2d 763 (Fla. 4th DCA 1994). Mooney now appeals the trial court's denial of his Rule 3.800 motion to correct sentence based on a scoresheet miscalculation. We affirm the trial court's denial of Mooney's motion.
Here, the trial court departed from the guidelines and imposed a life sentence for Mooney's charge of burglary with a battery. The scoresheet prepared for Mooney's sentencing presented the recommended guideline range for his offense as nine to twelve years. The trial court departed from these guidelines and sentenced Mooney to life in prison on the basis that Mooney had the apparent ability to carry out his threat to kill the victim. The scoresheet the trial court relied on in sentencing Mooney was in error as the sentencing range should have been 5.5 to 7 years rather than 9 to 12 years due to the improper classification of Mooney's prior offenses.
Here, the sentence imposed by the trial court was not illegal. Despite the fact that the sentence imposed by the trial court was not illegal, a rule 3.800 motion is also a proper vehicle to raise a scoresheet miscalculation. See Williamson v. State, 683 So.2d 193, 193-94 (Fla. 1st DCA 1996) (stating that "[a]lthough the appellant has not alleged that he received an `illegal sentence,' ... his claim is nevertheless cognizable under rule 3.800(a) because he has asserted a scoresheet miscalculation which is apparent from the face of the record"); Baldwin v. State, 679 So.2d 1193, 1194 (Fla. 1st DCA 1996) (discussing State v. Whitfield, 487 So.2d 1045, 1047 (Fla.1986) where the court amended rule 3.800, creating "two distinct claims that may be brought under rule 3.800(a): an illegal sentence or a sentencing scoresheet calculation error") (citation omitted).
Although the scoresheet miscalculation was properly brought before this Court, the record demonstrates that the trial court would have imposed the same sentence despite the scoresheet miscalculation, and thus, the error was harmless. See Cardali v. State, 794 So.2d 719, 723 (Fla. 3d DCA 2001); Rubin v. State, 734 So.2d 1089, 1089 (Fla. 3d DCA 1999); Hines v. State, 587 So.2d 620, 621 (Fla. 2d DCA 1991). Here, the trial court stated *62 that it was departing because Mooney "hit her in the head and threatened to kill her. I think that's sufficient grounds and I find he is a menace to society. He is a danger to the community and he ought to be aggravated to protect the community." In the trial court's order it similarly stated that it was departing because "the Defendant threatened the victim ... with death during the commission" of his crime, and he "had the apparent ability to carry out" his threat. The difference in the guidelines range stated on the scoresheet would not have changed the fact that the trial court found that Mooney had threatened to kill the victim and that he had the apparent ability to carry out this threat. Thus, as Mooney would have received "the same sentence notwithstanding the scoresheet error," a remand for the correction of the scoresheet and for resentencing "would serve no useful purpose." Orsi v. State, 515 So.2d 268, 269 (Fla. 2d DCA 1987).
AFFIRMED.
GUNTHER, SHAHOOD and MAY, JJ., concur.