916 So.2d 950 (2005)
Michael ADEKUNLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3492.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
Rehearing Denied January 11, 2006.
*951 Michael Adekunle, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Adekunle appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm the denial of all of Adekunle's claims except one of the claims that alleged a scoresheet error resulting in an illegal sentence.
Adekunle was sentenced under the 1994 sentencing guidelines in two separate sets of cases. In one proceeding, Adekunle was sentenced to two years incarceration followed by four years probation for three 1997 cases. A single scoresheet was prepared for sentencing on these offenses. In a separate proceeding using a different scoresheet, Adekunle was sentenced for two 1998 cases and given a concurrent punishment, two years incarceration followed by four years probation.
In 2000, the state alleged that Adekunle violated his probation by committing new substantive offenses. Following a hearing, Adekunle's probation was revoked and he was sentenced to concurrent terms of fifteen years in prison on some of the counts and 10.5 years in prison on the other counts. The record available in this proceeding does not reflect whether the original scoresheets were used when imposing sentence on these separate sets of cases. Adekunle was subsequently acquitted of the new offenses that had constituted the basis for the violations of probation (VOP).
In 2001, Adekunle filed a motion to correct illegal sentence complaining of scoresheet errors. The trial court agreed that the scoresheet had included points for offenses for which Adekunle had not been convicted and ordered the state to prepare a corrected scoresheet. The state then prepared a corrected scoresheet that consolidated the two sets of cases on a single scoresheet. The most severe 1998 offense was listed as the primary offense and the 1997 offenses, along with the remaining 1998 offenses, were scored as additional offenses. Adekunle's instant motion claimed that this consolidated scoresheet resulted in a greater sentencing range than was available at the original sentencing proceedings for the 1997 and 1998 sets of cases.
We agree that the use of a consolidated scoresheet in this situation was improper. We cannot tell from the instant record whether this scoresheet error resulted in an "illegal sentence" and, therefore, remand for further proceedings on this claim. See State v. Anderson, 905 So.2d 111 (Fla.2005) (determining that the "would-have-been-imposed" standard is correct in a rule 3.850 motion for determining whether a scoresheet error requires resentencing but suggesting that a *952 "could-have-been-imposed" standard would apply in a rule 3.800(a) motion).
The law is well-settled that following revocation of probation the trial court must use the original scoresheet used at the time the defendant was placed on probation. Jefferson v. State, 830 So.2d 195, 198 (Fla. 4th DCA 2002); Harris v. State, 771 So.2d 565, 567 (Fla. 5th DCA 2000), rev. denied, 790 So.2d 1104 (2001); see also Roberts v. State, 644 So.2d 81 (Fla.1994) (holding that in sentencing following revocation of probation the court must use the original scoresheet but can revise the scoresheet to include prior offenses that were mistakenly omitted from the original scoresheet).
This rule is consistent with the probation statute which provides that following a revocation of probation the court may "impose any sentence which it might have originally imposed before placing the probationer on probation." § 948.06(1), Fla. Stat. (1997) (emphasis added). The 1998 offenses could not have been included in the scoresheet used in sentencing Adekunle on the 1997 set of cases. We agree with Yourn v. State, 652 So.2d 1228 (Fla. 2d DCA 1995), where the second district explained that where a defendant was being sentenced following revocation of six terms of probation the court "must look to the scoresheet used when the defendant was sentenced for each particular offense." Id. at 1230 (emphasis added).
Adekunle's situation is distinguishable from the one described in State v. Lamar, 659 So.2d 262 (Fla.1995). In Lamar, the supreme court explained that when a probation violation is being sentenced simultaneously with a new offense, then two scoresheets are prepared (using each offense as the primary offense) and the scoresheet with the greatest sanction is then used for sentencing on both offenses. Adekunle was not being sentenced for a new substantive offense at his VOP sentencing. We note also that under Lamar, if the new offense is classified as the primary offense, then the VOP offense must be scored as "prior record" not as an "additional offense." Id.
Following revocation of probation on these two separate sets of cases, the trial court should have sentenced Adekunle using the original, separate scoresheets with additional points scored for a community sanction violation. See Fla. R.Crim. P. 3.703(d)(17). The 1997 cases should have been scored as "prior record" in the 1998 scoresheet.
We reverse and remand for proceedings consistent with this opinion and resentencing if necessary. See also Williamson v. State, 683 So.2d 193, 194 (Fla. 1st DCA 1996) (holding that original scoresheet should have been used following VOP not a consolidated scoresheet which included a subsequent offense).
Reversed and Remanded.
FARMER, SHAHOOD and GROSS, JJ., concur.