937 So.2d 1170 (2006)
Warren STANG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1556.
District Court of Appeal of Florida, Fourth District.
September 1, 2006.
Rehearing Denied October 17, 2006.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
*1171 STONE, J.
We affirm the judgment imposed upon Stang's violation of probation for multiple counts and attendant sentences totaling twenty-seven years in prison.
Stang contends that the trial court erred by sentencing him based upon a single scoresheet because his offenses occurred both before and after the sentencing guidelines were amended and should, therefore, be calculated on two scoresheets.
Stang initially pled guilty to twenty-four counts in a racketeering/loan broker fraud/money laundering case. Some of the predicate offenses took place between 1991 and 1994, while others transpired after January 1, 1994. He was sentenced to five years in prison for fifteen of the counts, to run concurrently and with credit for time served, followed by three years of probation for the remaining nine counts, also concurrent. It is undisputed that Stang agreed to be scored on one scoresheet utilizing pre-1994 (1983) guidelines. Nothing in the record indicates that this agreement would not remain applicable in a future sentencing if Stang violated his probation.
This court has previously recognized the rule that "when a court sentences a defendant for violation of probation, the court must use the original scoresheet." Jefferson v. State, 830 So.2d 195, 198 (Fla. 4th DCA 2002). Here, there was one original scoresheet, notwithstanding that some of the crimes charged occurred prior to 1994 and some after.
Section 921.001(4)(b)1 and 2, Florida Statutes, describe a bipartite sentencing scheme, dependent upon when a felony is committed. January 1, 1994 is the line of demarcation. Dillard v. State, 728 So.2d 725, 726 (Fla.1999). Subsection 4 mandates:
4. When a defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, each felony shall be sentenced under the guidelines in effect at the time the particular felony was committed. . . .
This method is further adopted in Florida Rule of Criminal Procedure 3.703(d), which provides: "If an offender is before the court for sentencing for more than one felony and the felonies were committed *1172 under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively." See also Daniels v. State, 929 So.2d 710 (Fla. 1st DCA 2006).
In this case, however, Stang waived the requirement for two scoresheets in the course of his original negotiated plea. There is no Florida law entirely on point. All of the state's cited decisions in support of agreed-to sentences are inapposite because none of them deal with sentencing upon a violation of probation. See Mortimer v. State, 770 So.2d 743 (Fla. 4th DCA 2000); Quarterman v. State, 527 So.2d 1380 (Fla.1988); Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003); Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); Perry v. State, 705 So.2d 615 (Fla. 5th DCA 1998).
We also recognize that in Daniels v. State, 870 So.2d 250, 254 (Fla. 2d DCA 2004), the court said: "The notion that a negotiated plea with respect to an initial disposition can act as an implicit waiver of the guidelines with respect to sentencing upon revocation of probation has been rejected." However, we deem Daniels inapposite. Daniels dealt with an upward departure sentence, agreed to in a plea agreement for a probationary split sentence. There, too, the agreement was silent as to future sentencing if probation was violated. The Daniels court recognized that
[A]lthough a plea bargain may provide a valid reason for departure with respect to the initial disposition, it cannot be viewed as an implicit waiver of the guidelines with respect to sentencing subsequent to the initial disposition. Rather, an upward departure sentence upon revocation of probation is permitted only if the defendant in his original plea specifically recognizes and agrees that, upon violation of his probation, he can receive an above-guidelines sentence equal to the probation portion of the split sentence.
Id. at 253-54 (citations omitted).
However, in Adekunle v. State, 916 So.2d 950 (Fla. 4th DCA 2006), we reversed for improper use of a new scoresheet at sentencing subsequent to probation revocation. The rule requiring use of the original scoresheet "is consistent with the probation statute which provides that following a revocation of probation the court may impose any sentence which it might have originally imposed before placing the probationer on probation." Id. at 952 (emphasis in original). We conclude that Adekunle is applicable here.
As to all other issues raised, we find no reversible error or abuse of discretion. The judgment and sentence are affirmed.
STEVENSON, C.J. and BATEMAN, THOMAS H., III, Associate Judge, concur.