WARNER, J.
 

 Appellant, Michael Hughes Moses, moved to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion, and we affirm. We write to address the scoring of a violation of probation on which Moses was sentenced at the same time he was sentenced for a primary offense. We hold that the trial court correctly scored the VOP as an additional offense on the scoresheet, and we recede from
 
 Adekunle v. State,
 
 916 So.2d 950 (Fla. 4th DCA 2005), to the extent that it suggests that VOP offenses sentenced at the same time as a new, primary offense must be scored as a prior record and not as an additional offense.
 

 Moses was convicted of aggravated assault and placed on probation. His probation was revoked when he entered into a plea agreement for subsequent charges of false imprisonment, lewd or lascivious battery of a person older than twelve but under sixteen, lewd or lascivious molestation of a person older than twelve but under sixteen, and contributing to the delinquency of a child. The trial judge sentenced Moses for all offenses simultaneously. If the aggravated assault conviction was scored as “prior record,” instead of an “additional offense,” it would have scored nine points instead of eighteen. The nine-point difference would have changed the minimum permissible sentence that Moses received, which was 15.4 years, to 14.8 years. Moses fíled a motion to correct an illegal sentence pursuant to rule 3.800(a), alleging that the aggravated assault conviction was improperly scored as an additional offense and not a prior record. He also raised several other issues. The trial court denied the motion, prompting this appeal.
 

 In
 
 State v. Alberto,
 
 847 So.2d 1091 (Fla. 4th DCA 2003), this court held where a conviction is set for sentencing upon revocation of probation with new offenses, all offenses pending for sentencing, if not scored as a primary offense, should be scored as additional offenses, including a violation of probation. We relied on
 
 State v. Lamar,
 
 659 So.2d 262 (Fla.1995), to allow the scoring of such offense in any particular manner so long as the combination resulted in the most severe sanction. 847 So.2d at 1092. We used the definition of “additional offense” provided by section 921.0021(1), Florida Statutes, and Florida Rule of Criminal Procedure 3.704(d)(7) to support our reasoning that all offenses not scored as primary offense should be scored as additional offenses.
 
 Id.
 

 Contrary to
 
 Alberto,
 
 although decided under a slightly different factual predicate, we later stated in
 
 Adekunle
 
 that “if the new offense is classified as the primary offense, then the VOP offense
 
 must
 
 be scored as a ‘prior record’ not as an ‘additional offense.’ ” 916 So.2d at 952 (emphasis supplied).
 
 Adekunle
 
 also relied on
 
 Lamar. Lamar,
 
 in turn, based its analysis on
 
 State v. Stafford,
 
 593 So.2d 496 (Fla. 1992). In
 
 Stafford,
 
 the supreme court used a committee note to Florida Rule of Criminal Procedure 3.701(d)(5) to determine that a subsequent offense could be scored as a primary offense or an additional offense, and “when the subsequent offense is scored as the primary offense the earlier offense for which probation has been violated is scored as a prior record rather than as an additional offense.”
 
 Id.
 
 at 497. The committee note on which the court relied states:
 

 For any offense where sentence was previously suspended pursuant to the
 
 *492
 
 imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as “prior record” and not as “additional offense.”
 

 Because of the changes in the sentencing statutes and relevant rules, however, we conclude that
 
 Adekunle’s
 
 reliance on
 
 Lamar
 
 is incorrect.
 
 Lamar
 
 and
 
 Stafford
 
 involved crimes that occurred prior to the 1994 revisions of the sentencing guidelines, statutes, and respective rules.
 

 Rule 3.703 was adopted to incorporate the 1994 sentencing guidelines and applied to offenses committed on or after October 1, 1995. The rule provided some different definitions of primary and additional offenses and, most importantly, of “prior record.” The rule states:
 

 (7) “Primary offense” is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.
 

 (8) “Additional offense” is any offense, other than the primary offense, pending before the court for sentencing. Sentence points for additional offenses are determined by the severity level and the number of offenses at a particular severity level....
 

 (15) “Prior record” refers to any conviction for an offense committed by the offender prior to the commission of the primary offense,
 
 excluding any additional offenses pending before the court for
 
 sentencing....
 

 Fla. R.Crim. P. 3.703(d) (emphasis supplied). As rule 3.703(b) states that “[existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of' this rule ... is superseded by the operation of this rule,” the new language defining “prior record” required that an offense which is being sentenced at the same time as a primary offense to be scored as an additional offense, because it would be specifically excluded from the definition of prior record. Thus, it superseded
 
 Stafford
 
 and
 
 Lamar
 
 to the extent that they stood for the proposition that an offense pending for sentencing based upon a violation of probation could be scored only as a prior record where there was another primary offense. Instead, the definitions compel a conclusion that under rule 3.703, an offense is scored as an additional offense where it is not the primary offense but is pending before the court for sentencing.
 

 However, the present case involves an offense committed in 2003 for which probation was imposed and new offenses occurring in 2004. The 2003 offense was pending for sentencing at the same time as the 2004 offenses. Rule 3.704 applies to these offenses, as this sentencing rule implemented the Criminal Punishment Code and applies to offenses committed on or after October 1, 1998. This rule also changed the definitions and used the statutory definitions contained in section 921.0021, Florida Statutes. The rule now provides:
 

 (7) “Primary offense” means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only one count of one offense before the court for sentencing shall be classified as the primary offense.
 

 (8) “Additional offense” means any offense other than the primary offense for
 
 *493
 
 which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
 

 (14) “Prior record” refers to any conviction for an offense committed by the offender prior to the commission of the primary offense....
 

 Fla. R.Crim. P. 3.704(d).
 

 The definition of “prior record” does not include the specific language in rule 3.703 excluding additional offenses. The omission of this language does not, however, resurrect the interpretation of the statute to that contained in the committee notes of rule 3.701 because rule 3.703 specifically superseded case law in conflict with its terms.
 

 Instead, we conclude that the rule requires an offense pending for sentencing on violation of probation at the same time as a primary offense to be scored as an “additional offense.” The important categorizations in the rule and statute are those convictions which are pending for sentencing at the same time and those that are not. An offense pending for sentencing as a result of a probation violation could constitute a primary offense if it resulted in the most severe total sentence score. Therefore, if not a primary offense, it must be an additional offense. The rule and statute do not indicate that an offense pending for sentencing may be scored as a prior record. This interpretation is consistent with obtaining the most severe lowest permissible sentence possible for the defendant, which is clearly the intent of the statutes and rules.
 
 See Lamar,
 
 659 So.2d at 265.
 

 Where a new offense is treated as the primary offense on a scoresheet, a conviction which is pending for sentencing because of a violation of probation should be scored as an additional offense and not a prior record. We affirm the trial court’s denial of Moses’ motion for correction of an illegal sentence. We recede from
 
 Ade-kunle
 
 to the extent that it conflicts with this opinion.
 

 GROSS, C.J., POLEN, FARMER, STEVENSON, TAYLOR, HAZOURI, MAY, DAMOORGIAN, CIKLIN, GERBER and LEVINE, JJ., concur.