PER CURIAM.
 

 With respect to appellant’s claim to be entitled to a sentence of not more than six years, only if a violation is technical or non substantive is a sentence on revocation of supervision limited to six years.
 
 See
 
 § 958.14, Fla. Stat. (2004) (stating “no youthful offender shall ■ be committed to the custody of the department for a sub
 
 *899
 
 stantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated”) (emphasis added).
 

 With respect to his claim to be entitled to be sentenced to not more than 364 days, because appellant was placed in a boot camp run by the Broward Sheriffs Office, and not the Department of Corrections, the circuit court's sentencing authority was not limited by section 958.045(5)(c).
 
 See Lee v. State,
 
 884 So.2d 460, 461-62 (Fla. 4th DCA 2004) (holding that because appellant had been placed in sheriffs boot camp facility rather than that of Florida Department of Corrections, the trial court’s sentencing authority was not limited by section 958.045(5)(c)).
 

 With respect to his claim that most of the charges pending for sentencing on revocation of probation should have been scored as prior record rather than as additional offenses,
 
 see State v. Alberto,
 
 847 So.2d 1091 (Fla. 4th DCA 2003) (holding that, where offenses are pending for sentencing at the same time as the primary offense, those offenses are considered “additional” offenses even if they also meet the definition of “prior record” under rule 3.704(d)); and
 
 Moses v. State,
 
 13 So.3d 490 (Fla. 4th DCA 2009) (holding that a violation of probation offense which is sentenced at the same time as the primary offense should be scored as an additional offense, not as prior record).
 

 Affirmed.
 

 GROSS, C.J., MAY and CIKLIN, JJ„ concur.