NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONALD EUGENE TYNER,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 2D13-732
　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
_____)

Opinion filed October 8, 2014.

Appeal from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Howard L. Dimmig, II, Public Defender,
and Julius J. Aulisio, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa,
for Appellee.

KHOUZAM, Judge.

　　　　　　Ronald Eugene Tyner appeals the sentence imposed after he admitted to

violating his probation. The State properly concedes error, and we reverse and remand

for resentencing.

　　　　　　In 1985, Tyner entered a no contest plea to burglary of a structure

committed in 1979, and the trial court sentenced him to life in prison. After this court

twice reversed and remanded for resentencing,[1] the trial court resentenced Tyner in 1989 to twelve years' imprisonment followed by life probation upon his election to be sentenced under the guidelines.[2] In 2013, Tyner admitted to violating his probation by committing several offenses in Indiana, and the trial court sentenced him under the criminal punishment code to 480 months' imprisonment.

In this appeal, Tyner argues and the State agrees that the trial court erred in sentencing him under the criminal punishment code because "[t]he law is well-settled that following revocation of probation the trial court must use the original scoresheet used at the time the defendant was placed on probation." Adekunle v. State, 916 So. 2d 950, 952 (Fla. 4th DCA 2005), receded from on other grounds, Moses v. State, 13 So. 3d 490, 491-92 (Fla. 4th DCA 2009); see Yourn v. State, 652 So. 2d 1228, 1230 (Fla. 2d DCA 1995) ("Yourn was sentenced on the grand theft charge in 1989, therefore, the 1989 scoresheet was the appropriate one for the court to use when sentencing him for violation of probation on that charge."). The trial court's order denying Tyner's motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2) indicates that the court mistakenly believed that because Tyner's violation of probation was based on the commission of new offenses, he was correctly sentenced under the criminal punishment code. But, as the State notes, Tyner was not sentenced for new crimes in 2013; he was sentenced for violating his probation for the 1979 offense. The criminal punishment code only applies to offenses committed on or

---

[1]See Tyner v. State, 536 So. 2d 1167 (Fla. 2d DCA 1988); Tyner v. State, 491 So. 2d 1228 (Fla. 2d DCA 1986).

[2]This court affirmed this sentence on appeal. Tyner v. State, 545 So. 2d 961 (Fla. 2d DCA 1989).

after October 1, 1998.  See § 921.002, Fla. Stat. (2013).  Consequently, Tyner should have been sentenced using the scoresheet used to originally place him on probation in 1989.

Accordingly, we reverse Tyner's sentence and remand for resentencing. As Tyner correctly notes, "the trial court may sentence [him] to any period of incarceration permitted by the original guidelines range, including a one-cell increase for violation of probation, with credit for time served."  Harris v. State, 771 So. 2d 565, 567 (Fla. 5th DCA 2000).

Reversed and remanded for resentencing.

NORTHCUTT and LaROSE, JJ., Concur.