PER CURIAM.
Affirmed. See State v. Alberto, 847 So.2d 1091 (Fla. 4th DCA 2003) (holding that where defendant was placed on probation for a felony offense, violates that probation by committing a new offense, and is pending before the court for sentencing on both the violation of probation and the new offense, the probation offense may be scored as an “additional offense” if such scoring provides the most severe sanction and is otherwise consistent with the provisions of the rule and statute); Fla. R. Crim. P. 3.704(d) (defining “additional offense” as “any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.”) (emphasis added). See also State v. Lamar, 659 So.2d 262, 265 (Fla.1995) (observing that “whenever a defendant is being sentenced for both a violation of probation and a new substantive offense, the violation of probation can be scored as either the primary offense or as prior record so long as it gives the most severe sanction. Likewise, the new substantive offense can be scored as the primary offense or as an additional offense provided the sentence results in the most severe sanction. It is evident that this sentencing scheme was intended to ‘punish repeat offenders more severely than first-time offender.’ ”)(quoting Peters v. State, 531 So.2d 121, 123 (Fla.1988)).