BENTON, J.
Delma McNally Blair appeals the sentence imposed after revocation of his probation, under the criminal punishment code, sections 921.0Ó2 to 921.0027, Florida Statutes (2013). The state concedes error, and we revérse and remand for resentenc-ing. “Sentences imposed after revocation of probation or community control must be imposed according to the sentencing law applicable at the time of the commission of the original offense.” Fla. R.Crim. P. 3.704(d)(30). The criminal punishment code applies only to felony offenses committed on or after October 1, 1998. See § 921.002, Fla. Stat. (2013).
In 1998, Mr. Blair pleaded guilty to charges of sexual battery by a person in familial or custodial authority, lewd act on a child, and impregnation of a minor. The offenses occurred between November 1, 1995 and July 31, 1996. Pursuant to the plea agreement, he was sentenced to five years’ imprisonment followed by ten years’ probation.
In 2014, finding he had violated several conditions of probation, the trial court revoked probation and sentenced him, under the criminal punishment code, to 288 months’ imprisonment for sexual battery, fifteen years’ imprisonment for lewd act on a child, and three years’, imprisonment for impregnation of a minor.
Mr. Blair argues (and the state agrees) the trial court erred in sentencing him pursuant to the criminal punishment code in effect in 2014, when he should instead have been sentenced using the 1994 scoresheet in Florida Rule of Criminal Procedure 3.990,[1],[2] which was in effect *1252 at the time of the original offenses.. See § 921.002, Fla. Stat. (2013); Fla. R.Crim. P. 3.702(d)(20) (“Sentences imposed after revocation of probation or community control must be in accordance with the guidelines.”); Tyner v. State, 148 So.3d 519, 520 (Fla. 2d DCA 2014) (holding the trial court erred in sentencing Tyner under the criminal punishment code, after he admitted to violating his probation, rather than on the basis of the guidelines scoresheet in use at the time he was placed on probation); Yourn v. State, 652 So.2d 1228, 1230 (Fla. 2d DCA 1995) (“Yohrn was sentenced [to probation] on the grand theft charge in 1989, therefore, the 1989 scoresheet was the appropriate one for the court to use when sentencing him for violation of probation bn that charge.”).
Under the cases, the error was not harmless. “From the record, we cannot rule out the possibility that th[e] change in the lowest permissible sentence could have affected the trial court’s sentencing ■ decision.”' Sanders v. State, 35 So.3d 864, 872 (Fla.2010). See also Somps v. State, 183 So.3d 1090, —, 40 Fla. L. Weekly D1252, D1253, 2015 WL 3396661 (Fla. 4th DCA May 27, 2015) (reversing for resentencing even though the trial court had imposed a sentence well above the lowest permissible sentence, suggesting “the trial court would have imposed the same sentence using the corrected scoreshfeet,” because the record did not conclusively establish the trial court would have imposed the same sentence).
The punishments imposed in the present case, based on the wrong scoresheet; were at the bottom end of the permissible range. See Yourn, 652 So.2d at 1231 (concluding erroneous use of incorrect score-sheet was not harmless when the sentence imposed was at the lower end of the recommended range of the scoresheet utilized, but would have been at the upper end of the permitted range -under the correct scoresheet, and the court was unable to determine “whether the trial court ‘would have extended the sentence into the farthest reach of the permitted range’ had it considered the correct scoresheet.” (citation omitted)). See also Sanders, 35 So.3d at 872 (“[T]he record does not conclusively show that the trial court would have imposed the same sentence had the third-degree felonies not been scored as additional offenses.”).
Unassailed here, the revocation of appellant’s probation stands.
Reversed and remanded for resentenc-ing.
ROBERTS, C.J. and KELSEY, J., concur.

. See Heggs v. State, 759 So.2d 620, 627 (Fla.2000); Daniels v. State, 929 So.2d 710, 712 (Fla. 1st DCA 2006).

. If, as Mr. Blair asserts, he had completed service of his sentence for the third-degree felony conviction for impregnation of a minor, it was error to score this conviction ás an additional offense upon revocation of probation. See Sanders v. State, 35 So.3d 864, 869, 871 (Fla.2010) (concluding it was error to score third-degree felony convictions as additional offenses when those offenses were not pending before the trial court for sentencing because Sanders had completed his probation for those offenses and the third-degree felony conviction for the offeiise committed contemporaneously with the primary offense "should not have been scored as an'additional offense or as prior record when 'he was sentenced following tlie revocation of his probation"); see also Fla. R.Crim. P. 3.702(d)(4) (" 'Additional offense’ is any offense, other than the primary offense., pending before the court for sentencing.”); Fla. R.Crim. P. 3.702(d)(8) *1252 (" 'Prior record’ refers to any conviction for an offense committed by the defendant prior to the commission of the primary offense.”),