DAVIS, Judge.
 

 Marcus Sanders challenges the amended judgments and sentences entered in case numbers 00-CF-614, 00-CF-1964, and 00-CF-2894 after his probation was revoked on December 8, 2006. Because Sanders already had fully completed his original probationary sentences on his third-degree felony offenses in those cases, we reverse the orders revoking his probation as to those counts. We affirm the revocation of Sanders’ probation and the sentences he received for his second-degree felony offenses in circuit court case number 00-CF-2894.
 

 On January 23, 2003, Sanders pleaded no contest to five counts in three separate cases and was sentenced to concurrent three-year prison terms on all counts to be followed by concurrent terms of probation, the length of which varied by the degree of each offense. The criminal mischief and attempted burglary counts in case numbers 00-CF-614 and 00-CF-1964, as well as the aggravated assault count in case number 00-CF-2894, were all third-degree felonies for which Sanders received two-year terms of probation. Sanders received three-year terms of probation on the second-degree counts of robbery and aggravated battery in case number 00-CF-2894.
 

 Although he repeatedly violated the conditions of supervision, the trial court reinstated his probation after each violation. After Sanders completed the two-year probationary terms he was serving on his third-degree felonies, but before he had completed his remaining probation on the second-degree felonies, the State again alleged that Sanders violated the conditions of his supervision. On December 8, 2006, the trial court revoked his probation in all cases and sentenced him to concurrent 108-month (nine-year) terms on all five counts, which was a slight downward departure from the lowest permissible sentence of 111.6 months on his newly prepared criminal punishment code scoresheet.
 

 
 *234
 
 The State has conceded that Sanders already had completed the originally imposed two-year term of probation for all of his third-degree felonies prior to the filing of the most recent affidavit of violation of probation. Pursuant to section 948.06, Florida Statutes (1999), the trial court only had jurisdiction to revoke his probation and sentence him on the second-degree offenses in case number 00-CF-2894 — those offenses for which he was still serving probation at the time of the alleged violation. “[U]pon the expiration of the probationary ... period, ‘a court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation.’ ”
 
 Stapler v. State,
 
 939 So.2d 1092, 1093 (Fla. 5th DCA 2006) (quoting
 
 State v. Hall,
 
 641 So.2d 403, 404 (Fla.1994)). Accordingly, we affirm the revocation of Sanders’ probation and the sentences imposed for the counts of second-degree robbery and aggravated battery in case 00-CF-2894. However, we reverse and remand with instructions for the trial court to strike the orders of revocation of probation and vacate Sanders’ sentences for the counts in cases 00-CF-614 and 00-CF-1964 and the third-degree aggravated assault count in case number 00-CF-2894.
 

 Sanders also argues that his sentences for the second-degree felonies should be reversed because of an error in preparing the scoresheet used at the re-sentencing. He maintains that since he could not be sentenced on the third-degree felonies, it was error to score these crimes as additional offenses rather than prior record and that such error resulted in a higher sentencing range. He therefore argues that he should be resentenced using a corrected scoresheet.
 
 [1]
 

 At the time Sanders was originally sentenced in 2000, his scoresheet correctly listed the third-degree felonies as additional offenses.
 
 See
 
 § 921.0021(1), Fla. Stat. (1999) (defining an additional offense as “any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense”). Technically, these same third-degree felony offenses would fail to meet the definition of additional offenses on a recalculated scoresheet prepared for sentencing after the 2006 revocation of probation. As we already have concluded, the trial court was without jurisdiction to revoke Sanders’ probation on those offenses. Because only the second-degree felonies were before the trial court for sentencing after revocation of Sanders’ probation, the third-degree felonies could not be listed as additional offenses on a recalculated scoresheet.
 

 The only other way these offenses might be scored on a recalculated scoresheet would be as prior record. Section 921.0021(5) defines prior record as “a conviction for a crime committed by the offender ... prior to the time of the primary offense.”
 
 See also
 
 Fla. R. Crim. P. 3.703(d)(15); 3.704(d)(14). Sanders committed the two third-degree felonies in cases 00-CF-614 and 00-CF-1964 at least several months before he committed the offenses in case 00-CF-2894. As such, a strict reading of the statutory definition does suggest that at least two of the third-degree felonies at issue should be scored as prior record on a recalculated score-sheet.
 
 See also
 
 Fla. R. Crim. P. 3.704(d)(14)(D) (“Any uncertainty in the
 
 *235
 
 scoring of the offender’s prior record must be resolved in favor of the offender”).
 

 However, Sanders’ argument that his third-degree offenses should be listed as prior record on a recalculated scoresheet presumes that a recalculated scoresheet should have been prepared after the revocation of this probation. We do not agree with this presumption.
 
 [2]
 
 Section 948.06(1) states: “If probation ... is revoked, the court shall ... impose any sentence which it might have originally imposed before placing the probationer on probation.... ” Furthermore, “[t]he law is well-settled that following revocation of probation the trial court must use the original scoresheet used at the time the defendant was placed on probation.”
 
 Adekunle v. State,
 
 916 So.2d 950, 952 (Fla. 4th DCA 2005),
 
 receded from on other grounds, Moses v. State,
 
 18 So.3d 490, 490 (Fla. 4th DCA 2009) (receding from
 
 Adekunle
 
 “to the extent that it suggests that VOP offenses sentenced at the same time as a new, primary offense must be scored as a prior record and not as an additional offense”). In order for the court to have the same sentencing options at resentencing after revocation as it did at the original sentencing, use of Sanders’ original score-sheet would be necessary. Accordingly, the scoring of the third-degree felonies as additional offenses would not be in error and, in fact, would be the only possible way to ensure that Sanders faced upon the revocation of his probation the same sentence for the second-degree offenses that he might have originally faced on those counts. We, therefore, affirm the trial court’s denial of the motion to correct sentence.
 

 In summary, we affirm the trial court’s use, at the resentencing after revocation of probation, of Sanders’ original scoresheet listing all the third-degree felonies for which he was originally sentenced as additional offenses. However, with regard to the revocation of probation and resentenc-ing on the third-degree felonies for which Sanders had completed the imposed probation, we reverse and remand with instructions for the trial court to strike the orders of revocation of probation and vacate Sanders’ sentences on the counts in cases 00-CF-614 and 00-CF-1964 and for the third-degree aggravated assault count in case number 00-CF-2894.
 

 Additionally, we certify to the Florida Supreme Court that the following question is one of great public importance:
 

 WHEN A DEFENDANT IS TO BE RESENTENCED AFTER THE TRIAL COURT REVOKES HIS OR HER PROBATION AND PRIOR TO THAT REVOCATION THE TRIAL COURT’S JURISDICTION OVER ONE OR MORE OF THE ORIGINALLY SENTENCED OFFENSES HAS EXPIRED, SHOULD THESE OFFENSES OVER WHICH THE TRIAL COURT NO LONGER HAS JURISDICTION BE SCORED AS PRIOR RECORD ON A RECALCULATED SCORESHEET OR SHOULD THE TRIAL COURT EMPLOY THE ORIGINAL SCORESHEET ON WHICH
 
 *236
 
 THOSE OFFENSES WERE SCORED AS ADDITIONAL OFFENSES?
 

 Affirmed in part, reversed in part, remanded with instructions, and question certified.
 

 NORTHCUTT and VILLANTI, JJ., Concur.
 

 [1]
 

 . Sanders preserved this issue by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). However, because the circuit court failed to rule on his motion within sixty days, it is deemed denied.
 
 See
 
 Fla. R. Crim. P. 3.800(b)(1)(B).
 

 [2]
 

 . We are aware that under limited circumstances, the trial court may correct an error that appears on the original scoresheet at the time of resentencing after a revocation of probation, even where the error increases the scoresheet total.
 
 See Roberts v. State,
 
 644 So.2d 81, 82-83 (Fla.1994) (holding that prior record mistakenly left off original scoresheet may be added to that scoresheet when defendant is resentenced after a revocation of probation). Sanders, however, does not argue that his original scoresheet was erroneous. Furthermore, we conclude that any such correction would still require the use of an otherwise originally calculated scoresheet.