WALLACE, Judge.
 

 John R. Hubard challenges the postcon-viction court’s denial of the four claims contained in his motion and two supplemental pleadings filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm without comment as to claims one, two, and three. We also affirm as to claim four but discuss the claim briefly and
 
 *1275
 
 certify a question to the Supreme Court of Florida.
 

 In May 2002, Hubard pleaded guilty to three counts of deriving support from the proceeds of prostitution, four counts of prostitution, one count of racketeering, and one count of conspiracy to commit racketeering. On January 27, 2003, he was sentenced to thirty months in prison on the deriving-support counts, to time served on the prostitution counts, and to thirty months in prison followed by seventy-two months of probation on the racketeering and conspiracy counts. The sentences on all counts were designated to run concurrently. On August 17, 2006, after his release from prison, Hubard admitted to violating probation. The trial court revoked his probation and sentenced him to 75.45 months in prison, the “lowest permissible prison sentence” calculated on the scoresheet prepared as part of the revocation proceeding.
 

 In claim four, Hubard argues that the seven prostitution-related counts, itemized in the “Additional Offense(s)” section of the scoresheet, should have been listed in the “Prior Record” section, where the three deriving-support counts would have been assigned lower point values, resulting in a shorter “lowest permissible prison sentence.”
 
 [1]
 
 Hubard contends that the classification of the prostitution-related counts was improper because they do not satisfy the definition of “additional offenses.” He alleges that the State asked for a bottom-of-the-guidelines sentence at sentencing following probation revocation; hence, the case should be remanded for resentencing at the recalculated “lowest permissible prison sentence.”
 

 At first glance, this argument would seem to have some merit. However, we conclude that consistent with the opinion recently issued by this court in
 
 Sanders v. State,
 
 16 So.3d 232 (Fla. 2d DCA 2009), the trial court properly itemized the prostitution-related counts as additional offenses.
 
 See
 
 § 948.06(1), Fla. Stat. (2001) (“If probation ... is revoked, the court shall ... impose any sentence which it might have originally imposed before placing the probationer on probation.... ”);
 
 Adekunle v. State,
 
 916 So.2d 950, 952 (Fla. 4th DCA 2005) (“The law is well-settled that following revocation of probation the trial court must use the original scoresheet used at the time the defendant was placed on probation.”),
 
 receded from on other grounds, Moses v. State,
 
 13 So.3d 490, 491 (Fla. 4th DCA 2009) (receding from
 
 Adekunle
 
 “to the extent that it suggests that VOP offenses sentenced at the same time as a new, primary offense must be scored as primary record and not as an additional offense”).
 

 As we did in
 
 Sanders,
 
 we certify the following question to be one of great public importance:
 

 WHEN A DEFENDANT IS TO BE RESENTENCED AFTER THE TRIAL COURT REVOKES HIS OR HER PROBATION AND PRIOR TO THAT REVOCATION THE TRIAL COURT’S JURISDICTION OVER ONE OR MORE OF THE ORIGINALLY SENTENCED OFFENSES HAS EX
 
 *1276
 
 PIRED, SHOULD THESE OFFENSES OVER WHICH THE TRIAL COURT NO LONGER HAS JURISDICTION BE SCORED AS PRIOR RECORD ON A RECALCULATED SCORESHEET OR SHOULD THE TRIAL COURT EMPLOY THE ORIGINAL SCORESHEET ON WHICH THOSE OFFENSES REMAIN SCORED AS ADDITIONAL OFFENSES?
 

 Affirmed.
 

 CASANUEVA, C.J., and WHATLEY, J., Concur.
 

 [1]
 

 . The four prostitution counts were classified as misdemeanors on the scoresheet. Whether listed in the "Additional Offense(s)” section or the "Prior Record” section, misdemeanor counts are each assigned a point value of 0.2. § 921.0024(l)(a), Fla. Stat. (2001). Deriving support from the proceeds of prostitution is a third-degree felony, § 796.05(2), Fla. Stat. (2001), and is a level 3 offense for scoresheet purposes, § 921.0022(3)(c). When listed in the "Additional Offense(s)” section, level 3 offenses are assigned a point value of 2.4; when listed in the "Prior Record” section, they are assigned a point value of 1.6. § 921.0024(l)(a).