LAWSON, J.
 

 Eddie Halfacre appeals from the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The motion alleges several errors on the criminal punishment code scoresheet used to calculate Halfacre’s sentence. As the State properly concedes, Halfacre is entitled to relief with respect to one of the claimed errors.
 

 Halfacre seeks relief in Lake County case no. 03-1512, where he was sentenced to 109.35 months of incarceration for the
 
 *796
 
 third degree felony of unlawful acquisition of or attempt to acquire a controlled substance by fraud.
 
 [1]
 
 This sentence exceeds the normal five-year maximum penalty for a third degree felony because 109.35 months was the lowest permissible sentence calculated on Halfacre’s scoresheet for this case.
 
 See
 
 § 921.0024(2), Fla. Stat. (2003). It is clear from the face of the record that four of the convictions scored as part of Halfacre’s “prior record” were for offenses committed after Halfacre committed the offense in this case. In denying relief, the trial court incorrectly concluded that it was proper to score these offenses because Halfacre pled guilty to the offenses prior to his sentencing in this case. However, the Criminal Punishment Code defines “prior record” as convictions for offenses “committed by the offender ... prior to the time of the primary offense.” § 921.0021(5), Fla. Stat. (2003). Halfacre is correct that a sentencing court may not score as prior record a conviction for an offense which was committed after the primary offense.
 
 Id.; see also, Perkowski v. State,
 
 920 So.2d 836, 838 (Fla. 4th DCA 2006) (“It is clear based on the plain language of the rule that a sentencing court may not score as a prior conviction an offense which was committed after the primary offense.”) (citations omitted). Because the sentencing court could not have imposed a sentence of 109.35 months in this case absent the scoresheet error, the error is not harmless and must be corrected.
 
 See Brooks v. State,
 
 969 So.2d 238, 243 (Fla.2007). Correction of the error will result in a 2.4-month reduction in Halfacre’s sentence.
 

 The other errors alleged by Halfacre relate to the scoring, as prior record, of a number of his convictions from the year 1985. Halfacre alleges that these convictions arose from a single criminal episode and argues that, as such, they could not all be scored as prior record. Contrary to Halfacre’s argument, there is nothing in the Criminal Punishment Code which precludes the scoring of prior record points for multiple convictions arising out of a single criminal episode and contained in a single judgment. These convictions were properly scored.
 

 Accordingly, we affirm the trial court’s ruling as to the 1985 convictions and reverse as to the scoring of offenses committed after the date of the offense in this case. On remand, the trial court must resentence Halfacre using a corrected scoresheet.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
 

 GRIFFIN and TORPY, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 893.13(7)(a)9. & (7)(c), Fla. Stat. (2003).