CANADY, J.
 

 In this case we consider whether sentence points were properly scored on the Criminal Punishment Code (CPC) score-sheet used for sentences imposed upon the revocation of probation. We have for review the decision of the Second District Court of Appeal in
 
 Sanders v. State,
 
 16 So.3d 232 (Fla. 2d DCA 2009), in which the Second District certified a question to this Court to be of great public importance. We have jurisdiction. .
 
 See
 
 art. V, § 3(b)(4), Fla. Const. We have revised the question as follows:
 

 WHEN A DEFENDANT IS TO BE SENTENCED UPON REVOCATION OF PROBATION AND PRIOR TO THAT REVOCATION THE TRIAL COURT’S JURISDICTION OVER ONE OR MORE OF THE ORIGINALLY SENTENCED OFFENSES HAS EXPIRED, MAY THE OFFENSES OVER WHICH THE TRIAL COURT NO LONGER HAS JURISDICTION BE SCORED AS ADDITIONAL OFFENSES?
 

 For the reasons that follow, we answer the rephrased certified question in the negative. Offenses over which the trial court no longer has jurisdiction cannot be scored as additional offenses during a sentencing proceeding following a violation of probation because they do not fit the definition of “additional offense” set out in section 921.0021, Florida Statutes (1999). Accordingly, we quash the decision under review and remand the case for proceedings consistent with this opinion.
 

 I. BACKGROUND
 

 In January of 2003, Marcus Sanders pleaded no contest to five offenses in three separate cases. The underlying criminal conduct occurred between February and August of 2000. Sanders was sentenced to concurrent three-year prison terms on all of the offenses, to be followed by concurrent terms of probation. He received two-year terms of probation for criminal mischief, attempted burglary, and aggravated assault. Those convictions were all third-degree felonies. Sanders received three-year terms of probation for the second-degree felony offenses of robbery and aggravated battery.
 
 Sanders,
 
 16 So.3d at 233.
 

 After Sanders completed the two-year probationary terms but before he had completed his remaining probation on the second-degree felonies, the State alleged that Sanders violated the conditions of his supervision by moving without the consent of his probation officer and by failing to complete a residential drug treatment program. Sanders admitted violating the conditions of his probation. He was not charged with any new substantive offense.
 

 In December of 2006, the trial court revoked Sanders’ probation for all five offenses. The trial court sentenced Sanders to concurrent 108-month prison terms on all five counts, which was a slight downward departure from the lowest permissible sentence of 111.6 months on the CPC scoresheet used by the trial court.
 
 Id.
 

 Sanders appealed to the Second District Court of Appeal. He raised two issues. First, Sanders argued that the trial court erred in revoking his probation and sentencing him for the third-degree felony offenses because Sanders had completed
 
 *867
 
 his probation for those offenses. The Second District agreed. The Second District explained that pursuant to section 948.06, Florida Statutes (1999), the trial court did not have jurisdiction over the offenses for which Sanders had completed his probation. Accordingly, the Second District reversed the orders revoking Sanders’ probation as to those offenses.
 
 Sanders,
 
 16 So.3d at 234.
 

 Second, Sanders contended that his sentences for the second-degree felonies should be reversed because of an error in preparing the scoresheet used at the sentencing following the revocation of probation. He asserted that because he could not be sentenced on the third-degree felonies, those crimes should not have been scored as additional offenses on a recalculated scoresheet. Sanders originally raised this issue before the trial court in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b), which was constructively denied.
 
 Sanders,
 
 16 So.3d at 234 n. 1.
 

 The Second District affirmed the trial court’s denial of the motion. The Second District explained that an additional offense is “any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.”
 
 Id.
 
 at 234 (quoting § 921.0021(1), Fla. Stat. (1999)). The Second District acknowledged that while the third-degree felonies were correctly listed as additional offenses when Sanders was originally sentenced in 2003, the offenses did not technically meet the definition of additional offenses in 2006 because the trial court lacked jurisdiction to sentence Sanders on those counts. The Second District rejected Sanders’ claim on appeal, however, because it concluded that the trial court could not employ a recalculated scoresheet when sentencing Sanders following his violation of probation. The Second District determined that “[t]he law is well-settled that following revocation of probation the trial court must use the original scoresheet used at the time the defendant was placed on probation” and that the trial court shall “impose any sentence which it might have originally imposed before placing the probationer on probation.”
 
 Id.
 
 at 235 (quoting
 
 Adekunle v. State,
 
 916 So.2d 950, 952 (Fla. 4th DCA 2005); § 948.06(1), Fla. Stat. (2000)). The Second District then concluded that scoring the third-degree felonies as additional offenses “would be the only possible way to ensure that Sanders faced upon the revocation of his probation the same sentence for the second-degree offenses that he might have originally faced on those counts.”
 
 Id.
 

 The Second District affirmed in part and reversed in part with instructions. In addition, the Second District certified the following question as one of great public importance:
 

 WHEN A DEFENDANT IS TO BE RESENTENCED AFTER THE TRIAL COURT REVOKES HIS OR HER PROBATION AND PRIOR TO THAT REVOCATION THE TRIAL COURT’S JURISDICTION OVER ONE OR MORE OF THE ORIGINALLY SENTENCED OFFENSES HAS EXPIRED, SHOULD THESE OFFENSES OVER WHICH THE TRIAL COURT NO LONGER HAS JURISDICTION BE SCORED AS PRIOR RECORD ON A RECALCULATED SCORESHEET OR SHOULD THE TRIAL COURT EMPLOY THE ORIGINAL SCORESHEET ON WHICH THOSE OFFENSES WERE SCORED AS ADDITIONAL OFFENSES?
 

 
 *868
 

 Id.
 
 at 235-36. We accepted jurisdiction.
 
 [1]
 

 II. ANALYSIS
 

 The issue before this Court is whether Sanders’ third-degree felony offenses, for which he had completed his prison sentences and probation, should have been scored as additional offenses on the scoresheet used in the 2006 sentencing upon the revocation of his probation. This issue presents a legal question, requiring interpretation of statutes and rules of criminal procedures. Pure questions of law are subject to de novo review.
 
 Sims v. State,
 
 998 So.2d 494, 504 (Fla.2008). In the analysis that follows, we begin by explaining why the third-degree felony offenses should not have been scored as additional offenses. We then address whether the erroneous scoring of the third-degree felony offenses was harmful in this case, concluding that the error was harmful.
 

 Florida Rule of Criminal Procedure 3.704(d)(28) provides that “[sentences imposed after revocation of probation or community control must be imposed according to the sentencing law applicable at the time of the commission of the original offense.” All of the offenses at issue in this case were committed in 2000 and were subject to the 1998 CPC. Therefore, rule 3.704(d)(28) required the trial court to use the sentencing scoresheet associated with the 1998 CPC when sentencing Sanders following his violation of probation. Further, pursuant to section 921.0024(3), Florida Statutes (1999), because the offenses were committed under the same version of the sentencing code, the trial court was required to use a single scoresheet, covering all of the defendant’s offenses pending for sentencing.
 
 See also
 
 Fla. R.Crim. P. 3.704(d)(2) (“One scoresheet must be prepared for all offenses committed under any single version or revision of the guidelines or Criminal Punishment Code pending before the court for sentencing.”).
 

 Section 921.0021, Florida Statutes (1999), defined the scoresheet categories of noncapital, felony offenses committed on or after October 1,1998, as follows:
 

 (1) “Additional offense” means any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
 

 [[Image here]]
 

 (4) “Primary offense” means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only one count of one offense before the court for sentencing shall be classified as the primary offense.
 

 (5) “Prior record” means a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense. Convictions by federal, out-of-state, military, or foreign courts, and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law, are included in the offender’s prior record....
 

 § 921.0021, Fla. Stat. (1999). The version of Florida Rule of Criminal Procedure 3.704 in effect both at the time of Sanders’ original sentencing and his sentencing proceeding following the revocation of his probation echoed these definitions.
 

 
 *869
 
 During the 2006 sentencing proceeding, the trial court scored Sanders’ conviction on the charge of aggravated battery, a second-degree felony, as the primary offense and his third-degree felony convictions as additional offenses. The Second District accurately concluded that the third-degree felonies were not pending before the trial court for sentencing during the 2006 sentencing proceeding because Sanders had completed his probation for those offenses.
 
 See
 
 § 948.04(2), Fla. Stat. (1999) (“Upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed.”);
 
 State v. Hall,
 
 641 So.2d 403, 404 (Fla.1994) (same).
 

 Section 921.0021 does not differentiate original sentencing proceedings, sentencing proceedings upon revocation of probation, and resentencing proceedings. It does not include any exceptions to the statutory definitions for sentencing proceedings upon revocation of probation. The statute plainly provides that an offense qualifies as an “additional offense” for purposes of the scoresheet if it “is pending before the court for sentencing at the time” of the sentencing proceeding then being conducted. In this case, the third-degree felonies were not pending for sentencing during the 2006 sentencing proceeding. As a result, they were not properly scored as additional offenses.
 

 The reasons articulated by the Second District for treating the offenses for which the two-year probationary period had previously expired as additional offenses do not justify departing from the plain meaning of “additional offense” as set forth in section 921.0021(1). The Second District determined that case law precluded the use of a recalculated scoresheet when sentencing Sanders following the violation of probation and required the trial court to use the original scoresheet filled in exactly as it was when Sanders was originally sentenced. The Second District relied on the Fourth District Court of Appeal’s statement that “[t]he law is well-settled that following revocation of probation the trial court must use the original scoresheet used at the time the defendant was placed on probation.”
 
 Sanders,
 
 16 So.3d at 235 (quoting
 
 Adekunle,
 
 916 So.2d at 952). The Second District’s conclusion that an original sentencing scoresheet cannot be revised or recalculated for purposes of sentencing a defendant after a violation of probation is inconsistent with section 921.0024, Florida Statutes (1999), and our holding in
 
 Roberts v. State,
 
 644 So.2d 81 (Fla.1994).
 

 Section 921.0024(l)(b) directs that where a defendant is being sentenced as a result of violating probation, “[cjommunity sanction violation points” are to be assessed. Each community sanction violation not involving a new felony offense requires the addition of six sentence points to the defendant’s scoresheet. Each community sanction violation involving a new felony offense requires the addition of twelve sentence points. As a result of these community sanction violation points, the score-sheet prepared for a sentencing upon revocation of probation necessarily will differ from the scoresheet prepared for the original sentencing. Recalculation is not only permitted but required by section 921.0024.
 

 In addition, we have determined that a scoresheet may be recalculated during a sentencing upon revocation of probation to correct an omission from the original scoresheet. In
 
 Roberts,
 
 some of the defendant’s prior convictions were erroneously omitted from the original scoresheet. This Court concluded that the trial court should have used a revised, recalculated score-sheet during the sentencing.
 

 
 *870
 
 When Roberts was originally sentenced, he received the benefit of a mistake in his guidelines scoresheet. Now that he has committed a new crime and violated his probation, we see no reason to perpetuate the error. Justice is not served by awarding a defendant something to which he is not entitled. We agree with the rationale of the opinion below in which the court said:
 

 The defendant cites to
 
 Graham v. State,
 
 559 So.2d 843 (Fla. 4th DCA 1990)[,] for the proposition that a trial court is without power to consider a new scoresheet, over objection, containing prior convictions completely omitted from the original. The contention then is that the defendant be sentenced under a scoresheet that is simply not based upon the truth. Consequently, we do not agree with
 
 Graham
 
 because to follow it literally, the defendant receives the benefit of being sentenced under a scoresheet which mistakenly omits prior convictions. Neither the rules nor the substantive law justifies a defendant receiving the largesse of a judicial error. Since only one guidelines scoresheet may be used for each defendant covering all offenses pending before the court at sentencing, Fla. R.Crim. P. 3.701(d)(1);
 
 accord Lambert v. State,
 
 545 So.2d 838, 841 (Fla.1989), following the defendant’s argument permits him to escape the punishment meted out by the law.
 

 Furthermore, since the defendant’s violation of probation triggered the resentencing, the defendant is not being sentenced for “precisely the same conduct,” and double jeopardy concerns do not come into play.
 

 Roberts,
 
 644 So.2d at 82-83 (quoting
 
 Roberts v. State,
 
 611 So.2d 58 (Fla. 3d DCA 1992)). In short, this Court concluded that a defendant is not entitled to perpetuate an error in scoring. Our holding in
 
 Roberts
 
 is thus inconsistent with the reasoning employed by the Second District.
 

 Next, the Second District determined that the third-degree felonies should be scored exactly as they were at the original sentencing because section 948.06(1), Florida Statutes, provides that in a sentencing proceeding following a violation of probation, the trial court shall “impose any sentence which it might have originally imposed before placing the probationer on probation.”
 
 Sanders,
 
 16 So.3d at 235 (quoting 948.06(1), Fla. Stat. (1999)). The Second District concluded that scoring the third-degree felonies as additional offenses “would be the only possible way to ensure” that Sanders faced the same sentencing possibilities upon the revocation of his probation.
 
 Id.
 

 We conclude, however, that this broad reading of the relevant provision of section 948.06(1) cannot be reconciled with the plain import of sections 921.0021(1) and 921.0024(l)(b) or with our reasoning in
 
 Roberts.
 
 In the context of the related statutory provisions, it is more reasonable to understand the provision of 948.06(1) as stating a rule that parallels the provision of rule 3.704(d)(28) that sentences imposed upon revocation of probation “must be imposed according to the sentencing law applicable at the time of the commission of the original offense.”
 

 Having concluded that the trial court erred in scoring the third-degree felonies as additional offenses, we now consider whether that error was harmless. When a scoresheet error is challenged on direct, appeal, via a motion under Florida Rule of Criminal Procedure 3.800(b) or via a motion under Florida Rule of Criminal Procedure 3.850, the error “is harmless if the record conclusively shows that the trial court
 
 would have imposed
 
 the same sen
 
 *871
 
 tence using a correct seoresheet.”
 
 Brooks v. State,
 
 969 So.2d 238, 241 (Fla.2007) (citing
 
 State v. Anderson,
 
 905 So.2d 111, 118 (Fla.2005)). Sanders raised the issue of how his third-degree felony convictions should be scored in a rule 3.800(b) motion and argued the point on direct appeal. For the reasons that follow, we conclude that the record does not conclusively show that the trial court would have imposed the same sentence had the third-degree felonies not been scored as additional offenses. Thus, Sanders is entitled to a new sentencing proceeding.
 

 Sanders contends that two of the three third-degree felony convictions should have been scored as prior record when he was sentenced following revocation of his probation. We agree. Section 921.0021(5) defines “prior record” as “a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense.” To be scored as prior record the offense must have been
 
 committed
 
 prior to the commission of the primary offense. The order of the convictions is irrelevant.
 
 See Harris v. State,
 
 685 So.2d 1282, 1285 (Fla.1996) (concluding that a conviction for an offense committed after the primary offense but tried before the primary offense “[fell] between the cracks” and could not be scored as prior record);
 
 Halfacre v. State,
 
 24 So.3d 795, 796 (Fla. 5th DCA 2009) (holding that prior record should be determined based on the order of the commission of the offenses, not the order of convictions).
 

 Sanders’ conviction for aggravated battery was scored as the primary offense. According to the information, the aggravated battery occurred on or around August 13, 2000. Two of the third-degree felonies were committed before this aggravated battery. Sanders committed the criminal mischief offense on or about February 16, 2000, and the attempted burglary offense on or about May 26, 2000. The final third-degree felony, aggravated assault, was committed contemporaneously with the primary offense.
 

 When a word in a statute is not expressly defined, it is “ ‘appropriate to refer to dictionary definitions ... ’ in order to ascertain the plain and ordinary meaning” of the word.
 
 School Bd. of Palm Beach County v. Survivors Charter Schools, Inc.,
 
 3 So.3d 1220, 1233 (Fla.2009) (quoting
 
 Barco v. School Bd. of Pinellas County,
 
 975 So.2d 1116, 1122 (Fla.2008)). The dictionary definition of “prior” is “[preceding in time, order, or importance; earlier, former, previous, antecedent.” 2
 
 Shorter Oxford English Dictionary
 
 2350 (6th ed.2007). A contemporaneously committed offense does not precede the commission of the primary offense in time and thus, based on the plain meaning of the statute, does not qualify as prior record.
 

 Accordingly, Sanders’ third-degree felony convictions for the offenses of criminal mischief and attempted burglary — offenses committed prior to the primary offense— should have been scored- as prior record when Sanders was sentenced following the revocation of his probation. In contrast, Sanders’ third-degree felony conviction for the offense of aggravated assault, which was committed contemporaneously with the primary offense, should not have been scored as an additional offense or as prior record when he was sentenced following the revocation of his probation.
 

 When the three third-degree felony convictions were scored by the sentencing court as additional offenses, they totaled 37.2 points. Had the criminal mischief and the attempted burglary convictions been scored as prior record and the aggravated assault conviction not scored, they would have totaled 9.8 points. This 27.4-point difference would have reduced Sanders’ total sentence points to 149.4. The result
 
 *872
 
 ing lowest permissible prison sentence would be 91.05 months rather than 111.6 months — a difference of nearly two years.
 

 From the record, we cannot rule out the possibility that this change in the lowest permissible sentence could have affected the trial court’s sentencing decision. The trial court gave Sanders a downward departure sentence of nine years of incarceration. At the sentencing hearing, the trial court explained:
 

 Well, I’d like to sentence him to the year in the county in the drug program but he’s let me down too many times. He’s violated his probation. We’ve bent over backwards with him.
 

 [[Image here]]
 

 This isn’t as bad as it seems, at least in my figuring. That’s why I was figuring the time served. (Inaudible). I’m going to roughly sentence him to the guidelines [sic]. I’m a rounder-offer so this is slightly below. I’m going to sentence him to nine years in the Department of Corrections, which is a hundred and eight months. I think that’s enough to do it.
 

 As I figure that, though, if he’s got nine years and he’s served three, that drops him down to six, and he’s got another four months [of time served]. And if he’s a good prisoner, he gets a— he’ll serve eighty-five percent of that, it’ll be right around, a little less than four years. So, totally, it’s not nearly as bad as it seems.
 

 Given the trial court’s comments, particularly its express reliance on the lowest permissible sentence identified by the scoresheet, the record does not conclusively show that the trial court would have imposed the same sentence had the third-degree felonies not been scored as additional offenses.
 

 III. CONCLUSION
 

 We answer the rephrased certified question in the negative. Where the trial court’s jurisdiction over a criminal offense has expired, the trial court may not score that offense as an additional offense during a sentencing proceeding. Because the trial court’s scoring of the third-degree felonies in this case did not comport with section 921.0021 and because the record does not demonstrate that the error was harmless, we quash the decision of Second District. We remand this case to the Second District with instructions that the Second District remand for sentencing consistent with this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . In addition to the instant case, the Second District certified the same question in
 
 Hubard v. State,
 
 17 So.3d 1274 (Fla. 2d DCA 2009). Neither party sought review by this Court in
 
 Hubard.