DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASON REAVES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1796

[July 8, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 56-2002-CF001105D.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

In 2002, appellant entered a plea of no contest to two counts of a multi-count information. On the charge of robbery with a deadly weapon while wearing a mask, the circuit court sentenced him to 360 months in prison followed by 10 years of probation, with a mandatory minimum sentence of 120 months. On the charge of burglary of a dwelling with an assault or battery while armed, the court sentenced appellant to 120 months in prison followed by ten years of probation, with a mandatory minimum sentence of 120 months. The trial court ordered the sentence on the burglary count to run consecutively to the sentence on the robbery conviction. The sentences were affirmed on direct appeal. *See Reaves v. State*, 871 So. 2d 242 (Fla. 4th DCA 2004).

In 2017, appellant moved to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). He argued that his consecutive mandatory minimum sentences were illegal under *State v. Williams*, 186 So. 3d 989 (Fla. 2016). In *Williams*, the Florida Supreme Court reiterated that "consecutive sentencing of mandatory minimum

imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." *Id.* at 993.

In response to the motion, the State conceded that the mandatory minimum terms could not run consecutively for crimes arising in the same episode when there was no discharge of the firearm. The State agreed that appellant was entitled to resentencing on the burglary charge.

The trial court held a resentencing hearing on the burglary charge. A new scoresheet was prepared for the resentencing, which listed the robbery charge as the "primary offense" and the burglary charge as an "additional offense." On the scoresheet, the lowest permissible sentence was 89.7 months and the maximum sentence was life. Appellant requested that the burglary sentence run concurrently with the robbery sentence. The trial court sentenced appellant on the burglary count to 480 months in prison, with a mandatory minimum sentence of 120 months, to run concurrently with the robbery sentence.

Appellant later moved to correct a sentencing error on his resentencing pursuant to Rule 3.800(b)(2). He argued that the scoresheet at his resentencing erroneously included the robbery charge as the primary offense when that offense was not before the court for resentencing. Because the trial court did not rule on the motion within 60 days, the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

Where a defendant was originally sentenced for multiple crimes, a de novo resentencing on one of the crimes necessarily involves sentencing under the same conditions that existed at the original sentencing. Otherwise, a defendant would get a windfall, because the resentencing would occur in a vacuum, without the other crimes that were taken into account in the original scoresheet. Thus, for a de novo resentencing, we read section 921.0024(3), Florida Statutes (2018), as including the offenses that were pending before the court at the original sentencing proceeding.

We distinguish *Sanders v. State*, 35 So. 3d 864 (Fla. 2010). First, *Sanders* did not involve a de novo resentencing; that case dealt with sentences imposed after the defendant violated his probation on two sentences. Second, *Sanders* involved three other felonies for which the defendant had completed his sentence, so they could not qualify as "additional offenses" within the meaning of section 921.0021(1), Florida Statutes, because the court no longer had jurisdiction over them. *Id.* at 868–69. Here, appellant was still serving his sentence for the robbery, so

the trial court would still have had jurisdiction to consider postconviction motions directed at that sentence. The trial court properly characterized the robbery as the "primary offense" at sentencing.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***