DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ODELL ERIC BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1068

[October 21, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 502018CF001795.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Odell Eric Brown appeals the trial court's denial of his motion for downward departure and his subsequent sentence, citing errors in his scoresheet. We affirm, without comment, the trial court's rulings regarding Brown's motion for downward departure. However, we agree that there were errors in his scoresheet and reverse and remand for resentencing with a corrected scoresheet.

This appeal arises from the resentencing proceedings we mandated in *Brown v. State,* 289 So. 3d 932 (Fla. 4th DCA 2020). As we explained in that case, in 2014, Brown pled guilty to multiple counts in four separate cases. The trial court granted his motion for downward departure and sentenced him to thirty-six months in prison followed by eighteen months of probation. In 2018, when Brown had just finished his prison sentence and started probation, he committed new law offenses. Brown was subsequently charged for these new law offenses and for violating his probation in the 2014 cases. Brown entered a plea to his new law offenses and to his violations of probation. At the sentencing proceeding in 2018, the court denied Brown's motion for downward departure and sentenced

him to the lowest permissible sentence on the new law offenses (79.80 months in prison) and time served on the violations of probation.

Brown appealed that sentence, arguing there were errors in his scoresheet that required reversal. We agreed with Brown as to one of those alleged scoresheet errors: his 2014 conviction for grand theft (a Level 2 offense) was improperly classified as a Level 4 offense. Even though this classification only reduced Brown's lowest permissible sentence by approximately two months, we opined that the error was not harmless and mandated resentencing with a corrected scoresheet.

At resentencing, the State presented a scoresheet that was essentially the same as the one used at the previous sentencing hearing. The 2014 convictions were listed as "additional offenses," and the 2018 new law offenses were listed as "primary offenses." The only difference between this scoresheet and the prior scoresheet was that the State changed the classification of Brown's 2014 grand theft conviction from a Level 4 offense to a Level 2 offense in accordance with our prior mandate. This yielded a lowest permissible sentence of seventy-eight (78) months in prison. Comparatively, Brown presented a proposed scoresheet that not only changed the classification of his grand theft conviction, but also listed his 2014 convictions as a part of his "prior record." Changing Brown's 2014 convictions from "additional offenses" to his "prior record" yielded a lowest permissible sentence of 34.05 months in prison. In the end, the trial court utilized the State's proposed scoresheet but acknowledged that it had never seen this issue before and invited this court to "send it back if [it was] incorrect." After denying Brown's motion for downward departure, the trial court sentenced him to seventy-eight (78) months in prison on the new law offenses and time served on the violations of probation. This appeal follows.

The interpretation of statutes and rules of criminal procedure present a legal question subject to a de novo standard of review. *See Sanders v. State*, 35 So. 3d 864, 868 (Fla. 2010).

Before a sentencing proceeding begins, Florida Statutes require that a Criminal Punishment Code scoresheet be prepared for each defendant "to determine the permissible range for the sentence that the court may impose[.]" § 921.0024(3), Fla. Stat. (2020); *see* Fla. R. Crim. P. 3.992. On this scoresheet the defendant receives a "total offense score" comprised of the primary offense they have committed; any additional offenses that may be before the court; and the victim's injury. *See* § 921.0024(1)(a), Fla. Stat. (2020). The defendant also receives a "prior record score," which is comprised of all the offenses they have committed as an adult or juvenile.

2

*See id.*; *see also* § 921.0021(5), Fla. Stat. (2020) (stating the definition of prior record). The defendant's total offense score and prior record score are added to determine the defendant's "total sentence points." *See* § 921.0024(1)(a), Fla. Stat. (2020).

At sentencing, only one offense, typically the most severe offense, can be classified as the "primary offense." *See* § 921.0021(4), Fla. Stat. (2020). All others are listed as "additional offense[s]" which are defined as offenses "other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." § 921.0021(1), Fla. Stat. (2020).

In *Sanders,* the Florida Supreme Court discussed whether an offense could be properly classified as an "additional offense" on a defendant's scoresheet. 35 So. 3d at 864. There, the defendant entered a plea to five offenses (robbery, aggravated battery, criminal mischief, attempted burglary, and aggravated assault) in three separate cases. *Id.* at 866. He was sentenced to concurrent three-year prison terms on all the offenses, followed by concurrent terms of probation. *Id.* He also received three years of probation for the robbery and aggravated battery offenses (the second-degree felonies), and two years of probation for the criminal mischief, attempted burglary, and aggravated assault offenses (the third-degree felonies). *Id.* After the defendant completed his prison sentence and his two-year probation terms for the third-degree felonies, he was charged with violating his probation. *Id.* At sentencing following the violation of probation ("VOP") hearing, the court used a scoresheet that classified his third-degree felonies as "additional offenses." *Id.* The defendant argued first to the trial court, and then to the Second District on appeal, that the trial court erred in scoring his third-degree felonies as additional offenses on the scoresheet because he had completed his two-year probation term. *Id.* at 866-67. Both courts rejected his argument. *Id.*

However, the Florida Supreme Court agreed with the defendant and reversed and remanded his case for resentencing. *Id.* at 872. The Court quoted the definitions of "additional offenses," "primary offense," and "prior record" from section 921.0021. *Id.* at 868. Even though the sentencing proceeding at issue took place after the defendant's probation was revoked at the VOP hearing, the Court stated that section 921.0021 did not "differentiate original sentencing proceedings, sentencing proceedings upon revocation of probation, and resentencing proceedings" and did not "include any exceptions to the statutory definitions for sentencing proceedings upon revocation of probation." *Id.* at 869. Because the defendant completed his sentence for the third-degree felonies, the Court concluded that those offenses were not "pending before

3

the court for sentencing" and should not have been scored as "additional offenses." *Id.*

Under the guidance provided by *Sanders,* we find that the trial court erred in listing Brown's 2014 convictions as "additional offenses" in his scoresheet at resentencing. Brown completed his sentence for those convictions when the trial court sentenced him to time served at the 2018 sentencing proceeding. Once the trial court imposed this sentence, it no longer had jurisdiction over the 2014 convictions. *See Sneed v. State*, 749 So. 2d 545, 546 (Fla. 4th DCA 2000) (stating that "where a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction"). Thus, at the resentencing hearing, Brown's 2014 convictions were no longer "pending before the court" and should not have been listed as "additional offenses," but instead as a part of his "prior record." *See Sanders,* 35 So. 3d at 869. Because this error significantly altered the lowest permissible sentence and the record does not show that the trial court would have imposed the same sentence using a corrected scoresheet, the error cannot be deemed harmless. *See Brooks v. State,* 969 So. 2d 238, 241 (Fla. 2007) (stating that a scoresheet error is only harmless if "the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet"); *see also Brown,* 289 So. 3d at 938 (same).

The State argues that our opinion in *Reaves v. State*, 45 Fla. L. Weekly D1615 (Fla. 4th DCA July 8, 2020), compels a different result. It does not. In that case, the defendant was convicted of robbery and burglary and was sentenced to prison terms followed by ten years of probation for both counts. *See Reaves*, 45 Fla. L. Weekly D1615. at *1. After the defendant's sentence was declared illegal under *State v. Williams*, 186 So. 3d 989 (Fla. 2016), the trial court resentenced him on the burglary charge. *Id.* The defendant's scoresheet at resentencing listed the robbery charge as the "primary offense" and the burglary charge as the "additional offense." *Id.* Subsequently, the defendant appealed his resentencing, arguing that the robbery charge should not have been listed as the primary offense because it was not before the court at the resentencing. We rejected that argument because the defendant "was still serving his sentence for the robbery, so the trial court would still have had jurisdiction to consider postconviction motions directed at that sentence." *Id.* at *2. In contrast, at the time of resentencing in this case, the trial court no longer had jurisdiction over Brown's 2014 convictions because he had already completed his sentence for those offenses.

4

Accordingly, we reverse Brown's sentence and remand for resentencing with a scoresheet that lists Brown's 2014 convictions as a part of his "prior record."

*Affirmed in part, reversed in part and remanded with instructions.*

LEVINE, C.J., CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***